In the Matter of the **ADOPTION OF Tina MAESTAS, a minor.**

**U. Jay Roush and Connie Roush, his wife, Appellants,**

v.

**Billie Maestas, Appellant.**

No. 13678.

Supreme Court of Utah.
Jan. 31, 1975.

---

1. Utah Rules of Civil Procedure.

Darwin C. Hansen of Jones & Hansen, Bountiful, for Roushes.

David S. Dolowitz of Salt Lake County Bar Legal Service, Salt Lake City, for Billie Maestas.

Virginius Dabney of Pruitt & Dabney, Salt Lake City, for father of Tina.

ELLETT, Justice:

This case involves the question of the adoption of Tina Maestas, who was born March 28, 1970. Her parents were divorced on October 15, 1971, and her mother was awarded her custody. Within a few minutes after the divorce was granted, the mother in open court gave her written consent to the adoption by Mr. and Mrs. Roush, who thereafter filed a petition for adoption of the child. On December 23, 1971, they filed a motion for Temporary custody of the child, which was granted on the 17th day of January, 1972. A couple of months later the mother filed a petition for a writ of habeas corpus seeking to revoke her consent for adoption previously given. The petition was denied due to procedural infirmities. Thereafter she filed a motion to set aside her consent to adoption. The father of Tina intervened, and the trial court after a hearing denied the mother's motion to set aside her consent. Thereafter the court heard the Roushes' petition for the adoption of the little girl and dismissed the petition. The court found that the father had not abandoned or deserted the child.

The Roushes appeal from the denial of their petition, and the mother cross appeals from the failure of the court to set aside her consent to the adoption. A number of errors are assigned, but we will consider

only those which seem to have any merit to them.

The Roushes claim that the court erred in refusing to allow testimony as to what would be in the best interests of the child.

■ The trial court properly held that the question of the welfare of the child is not material in a judicial determination of abandonment.[1] Where the *custody* of the child is being determined, as in a case of habeas corpus, the welfare of the child is of paramount importance.[2] However, in the instant matter the custody of the child was not directly involved. The controversy was as to whether or not the father had abandoned the child so that an adoption might be had without his consent thereto being given in writing.[3] Although the proof showed that the father had made no contribution to his child since the divorce decree was entered, this in and of itself does not amount to "desertion,"[4] and the trial court was correct in so holding.

■ Complaint is made by Mr. and Mrs. Roush because their petition for adoption was not granted. However, in this matter the adoption cannot be had unless both parents give their consent in writing.[5]

■ The mother complains because the trial court did not permit her to withdraw her consent to the adoption. The evidence fully justified the trial court in concluding that her consent had been given willingly, knowingly, and voluntarily, and we should not reverse the trial court in that regard.

That leaves a stalemate in the matter: The mother has consented to the adoption, which cannot now be had because the father refuses to give his consent. Mr. and Mrs. Roush have custody of the child by reason of an order of court granting them temporary custody.

Should the father bring habeas corpus proceedings to obtain the child, the court would then determine in whose care the welfare of the child would require it to be placed. Should that determination be with Mr. and Mrs. Roush, then adoption would have to await the majority of the child[6] or death of the father, absent some further legal proceedings which would deprive the father of parental rights because of cruelty or neglect.

■ There is always the possibility that a father who has shown no interest in his child can come forward and prevent an adoption by refusing to give his consent absent a financial consideration. It is not here suggested that such is the case in this proceeding, but the possibility is to be recognized in determining the welfare of a child when the occasion requires it. In other words, does a disinterested father really want his child so he can support it, when by his past conduct he has not shown any great interest in doing so?

The judgment of the trial court is affirmed. No costs are awarded.

HENRIOD, C. J., and CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

1. In re Adoption of Walton, 123 Utah 380, 259 P.2d 881 (1953).

2. Wilson v. Pierce, 14 Utah 2d 317, 383 P.2d 925 (1963).

3. Section 78–30–5, U.C.A.1953 as amended (1973 Pocket Supplement).

4. 2 Am.Jur.2d Adoption § 35 and cases cited in 1974 Annual Cumulative Supplement.

5. Section 78–30–8, U.C.A.1953 as amended (1973 Pocket Supplement).

6. Section 78–30–1, U.C.A.1953 as amended (1973 Pocket Supplement).