In the Matter of Leslie G. QUINTON,
a Minor

v.

Thelma QUINTON, Appellant.

No. 18412.

Supreme Court of Utah.

Jan. 11, 1984.

William H. Henderson, Salt Lake City, for appellant.

John C. Backlund, Andrea Alcables, Salt Lake City, for respondent.

HOWE, Justice:

This is an appeal from the denial of a petition for adoption filed by Thelma Quin- ton, appellant, seeking to adopt her step-son, Leslie G. Quinton, minor son of her late husband, Myron Quinton.

Myron Quinton and Kaye Quinton were divorced in 1972. She was granted custody of their unborn child, Leslie. In 1978 she pleaded guilty to attempted forcible sexual abuse of the child, a class A misdemeanor. Thereupon, Myron Quinton sought and obtained an order of a juvenile court of this state awarding him custody of Leslie. From that time until December of 1980 when Myron died, Leslie lived with his father and the appellant, whom Myron had married. After Myron's death the appellant petitioned to adopt Leslie, but the trial court denied the petition on the ground that Leslie's natural mother, Kaye, had not given her consent to the proposed adoption and that she had neither been judicially deprived of his custody on account of cruelty, neglect or desertion nor had she abandoned him rendering her consent unnecessary under U.C.A., 1953, § 78–30–4 and § 78–30–5.

The appellant assails the trial court's finding that Leslie's natural mother had not abandoned him. We have reviewed the evidence, and we find that it supports the trial court's finding. Kaye gave gifts to Leslie on his birthday and Christmas. She wrote him letters, visited him and talked to him on the telephone. In addition, she initiated legal action to regain his custody. While there was no evidence that she supported him, no evidence was presented to establish a duty of support on her part or that she had the financial ability to provide any support. *Robertson v. Hutchinson*, Utah, 560 P.2d 1110 (1977).

Appellant further complains that the trial court excluded evidence that the best interest of Leslie would be served by her adoption of him. We find no error in this regard. Until the necessary consents have been given or it has been determined that they are not required under §§ 78–30–4 or 78–30–5, the best interest of the child is not material in an adoption proceed-

ing. *In re Adoption of Maestas*, Utah, 531 P.2d 492 (1975).

The denial of the petition is affirmed. Costs awarded to respondent.

HALL, C.J., and OAKS and STEWART, JJ., concur.

DURHAM, Justice (concurring specially):

I write separately to emphasize that this is not an action for custody, but rather an adoption proceeding governed by the specific provisions of U.C.A., 1953, §§ 78–30–4 and 78–30–5, as pointed out in the majority opinion. Nothing herein precludes any party concerned with the long-term welfare of this child from seeking an adjudication of the natural mother's legal rights pursuant to the statutory provisions regarding termination of parental rights by the juvenile court. *See* U.C.A., 1953, § 78–3a–48; *In re J.P.*, Utah, 648 P.2d 1364 (1982).